STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

JOSEPH BAGINSKI, LLC and
JOSEPH BAGINSKI

vs.

C.A. NO. 06-0855

TOWN OF JOHNSTON

COMPLAINT

Now comes the Plaintiff Joseph Baginski, LLC and Joseph Baginski, Individually and hereby states as follows:

1. Plaintiff Joseph Baginski, LLC is a Rhode Island Limited Liability Company with principal offices located in the City of Providence, County of Providence, State of Rhode Island.

2. Plaintiff Joseph Baginski, is a resident of the City of Cranston, County of Providence, State of Rhode Island.

3. Defendant is the Town of Johnston, Rhode Island.

4. Plaintiff is the owner of record of a lot of undeveloped land in Johnston, Rhode Island. Said lot is identified as Plat 15, Lot 22 in the Town of Johnston land records, and is located on Leading Street in the Town of Johnston.

5. The Plaintiff purchased the property from Thomas Menna, Jr. on July 16, 2003.

6. The subject property is a numbered substandard lot of record.

7. Said lot contains approximately 3600 square feet in area in the RI 5 zone.

8. In 2002 Mr. Menna sought to construct a single family home on the property measuring twenty-two feet (22') by thirty-eight feet (38'). Mr. Menna applied for dimensional variances before the Zoning Board of Review for the Town of Johnston.

9. The application for dimensional variances was denied by the Board and Mr. Menna appealed the decision to the Providence County Superior Court.

10. While the appeal was pending, the Town of Johnson entered into a Consent Agreement with Thomas Menna, Jr. on June 6, 2003. The Consent Agreement stated as follows:

FILED
S. KINCH JR., CLERK
2006 FEB 10 P 3: 40

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

1. The Plaintiff's appeal is hereby granted, and Defendant Zoning Board of Review for the Town of Johnston's decision of December 19, 2002, denying Plaintiff's application for variances shall be vacated.
2. The Town of Johnston, through a permit issued by the building official shall grant the variances requested by the Plaintiff for the land located at 114 Leading Street. Plat 15, Lot 122, as indicated in the attached exhibit.

A copy of said Consent Agreement is attached hereto and made a part hereof.

11. On July 1, 2003, an application for a building permit was filed with the Town of Johnston. A copy of said Building Permit is attached hereto and made a part hereof.

12. On July 8, 2003 the Town of Johnston issued a building permit to Mr. Menna for construction of a single family dwelling on the property.

13. The Petitioner in reliance upon the issuance of the building permit issued by the Town of Johnston, purchased the property at 114 Leading Street from Mr. Menna.

14. Shortly thereafter excavation began on the property. Neighboring abutters to the property sought and obtained a cease and desist order in the Superior Court. Also, the abutters were allowed to intervene in the Superior Court case, because of the Town's inabililty to produce proof of notice. The Superior Court enjoined construction of a new home on the property and vacated the prior decision of the Zoning Board of March 4, 2003. The case was also remanded by the Superior Court to the Zoning Board of Review on October 21, 2003, to allow abutters to be heard.

15. A hearing was held before the Zoning Board of Review on November 20, 2003 and the Board voted to deny the application for dimensional variances.

<u>COUNT 1</u>
<u>Breach of Contract</u>

16. Plaintiff hereby incorporates paragraphs 1 through 15 as if fully stated herein.

17. The Consent Agreement by which the Plaintiff and Defendant vacated the denial of the Plaintiff's application for variances and granted said variances was a binding contract upon the parties.

18. The issuance of the Building Permit by the Town of Johnston also was a binding contract upon the parties.

19. The Defendant breached said Consent Agreement and Building Permit by the actions of the Zoning Board of Review on November 20, 2003 in which it voted to deny the application for dimensional variances.

20. As a direct and proximate result of the Defendant's failure to perform, i.e. recission of

the Consent Agreement and Building Permit, the Plaintiff has sustained damages.

WHEREFORE, Plaintiff demands judgment against the Defendant, in a sum which is within the jurisdictional requirements of this Court, together with interest, costs and a reasonable attorney's fee as well as such other and further relief as this Court deems mete and just under the circumstances.

COUNT II
Detrimental Reliance

21. Plaintiff hereby incorporates paragraphs 1 through 20 as if fully stated herein.

22. In reliance upon the Defendant's execution of the Consent Agreement and issuance of the Building Permit, the Plaintiff, to his detriment, purchased the property in order to construct a single family home.

23. As a direct and proximate result of the Plaintiffs reliance upon Defendant's execution of the Consent Agreement and issuance of the Building Permit, the Plaintiff suffered damages.

WHEREFORE, Plaintiff demands judgment against the Defendant, in a sum which is within the jurisdictional requirements of this Court, together with interest, costs and a reasonable attorney's fee as well as such other and further relief as this Court deems mete and just under the circumstances.

COUNT III
Fifth Amendment Violation

24. Plaintiff hereby incorporates paragraphs 1 through 23 as if fully stated herein.

25. The Fifth Amendment to the United States Constitution provides in relevant part: "No person shall...be deprived of life, liberty, or property, without due process of law."

26. The Fifth Amendment to the United States Constitution, which is made applicable to the states through the Fourteenth Amendment.

27. The Defendant's denial of the Plaintiff's application for variances without just compensation in violation of the Fifth Amendment of the United States Constitution.

28. By reason of Defendant's unconstitutional action, the Plaintiff has suffered substantial damages.

WHEREFORE, Plaintiff demands judgment against the Defendant, in a sum which is within the jurisdictional requirements of this Court, together with interest, costs and a reasonable attorney's fee as well as such other and further relief as this Court deems mete and just under the circumstances.

rue Copy Attest

COUNT III
Violation of Rhode Island Constitution Article I Section 16

29. Plaintiff hereby incorporates paragraphs 1 through 28 as if fully stated herein.

30. The Rhode Island Constitution Article I Section 16 provides in relevant part: "private property shall not be taken for public uses, without just compensation."

31. The Defendant's denial of the Plaintiff's application for variances without just compensation in violation of the Rhode Island Constitution Article I Section 16.

32. By reason of Defendant's unconstitutional action, the Plaintiff has suffered substantial damages.

WHEREFORE, Plaintiff demands judgment against the Defendant, in a sum which is within the jurisdictional requirements of this Court, together with interest, costs and a reasonable attorney's fee as well as such other and further relief as this Court deems mete and just under the circumstances.

PLAINTIFF,
By his Attorney,

Peter J. Poulos
Bar# 4517
1225 Cranston Street
Cranston, RI 02920
(401) 946-7022

WHEREFORE PLAINTIFF DEMANDS TRIAL BY JURY AND HEREBY DESIGNATES ATTORNEY PETER J. POULOS AS TRIAL COUNSEL.

rue Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristo
Providence, Rhode Island

# STATE OF RHODE ISLAND SUPERIOR COURT

## CIVIL CASE COVER SHEET

Case # (Filled in by Clerk's Office) 06-0855

This form must be filed with each original document that comences a civil proceeding in the Clerk's Office. If the case is a District Court appeal, the form must be filed with the appeal in the District Court and will then be transferred with other documents to the Superior Court.

| PLAINTIFFS | DEFENDANTS: |
|---|---|
| **Joseph Baginski, LLC and Joseph Baginski** | **Town of Johnston** |

NATURE OF PROCEEDING — Check the applicable case type under main categories listed below. (check one only)

**District Court Appeal** ☐ Yes (check type below)

☐ AGA Agency appeal
☐ ANT Anti-trust
☐ ASB Assault and battery
☐ BKA Book account
☐ CIC Criminal inj compensation
☐ CLA Common law assignment
☐ CLL Common law lien
☑ CON Contract
☐ CNV Conversion
☐ CRC Criminal conversation
☐ CRJ Civil Rights Job Discrimination
☐ DEJ Declaratory judgment
☐ DIN Recovery of damages/insurance
☐ DOJ Debt on judgment
☐ DPC Denial of probate claim
☐ Other than above (specify type)

☐ DTP Deceptive trade practice
☐ EXT Excessive tax
☐ FOR Forfeiture
☐ FRJ Foreign Judgment
☐ IDV Personal inj /property dam-vehicle
☐ INR Injunctive relief
☐ IPL Interpleader
☐ LIB Libel/slander
☐ MLE Malpractice/legal
☐ MME Malpractice/medical
☐ MOT Malpractice/other
☐ PDM Property damage
☐ PDV Property damage / vehicle
☐ PER Personal injury
☐ PIV Personal injury-vehicle
☐ PRL Product liability

☐ PRN Promissory note
☐ PRT Partition
☐ RIC Reinstate charter
☐ RLP Real property
☐ ROF Recovery of funds
☐ SAB Sexual abuse
☐ SPP Specific performance
☐ SXH Sexual harassment
☐ TAE Trespass and ejectment
☐ TCO Title clearing (other than tax title)
☐ TCT Trustee/appt convey title
☐ TRA Trustee/accounting
☐ UNM Uninsured motorist
☐ WOM Mandamus Writ of
☐ WOR Replevin, Writ of
☐ WRD Wrongful death

### MISCELLANEOUS PETITIONS

☐ AOD Assessment of damages
☐ AOS Trustee successor
☐ AOT Trustee / appointment of
☐ ARA Arbitration award
☐ CAR Arbitration /confirm
☐ CFC Confirm compromise
☐ CND Condemnation
☐ CNT Contempt
☐ DOC Dissolution of corp
☐ DOT Trustee / declination of
☐ DSC Disclaimer
☐ Other than above (specify type)

☐ EDP End partnership
☐ FOC Forfeiture of charter
☐ FRR Forclosure of right redemption
☐ GJI Grand jury investigation
☐ HAC Habeas corpus
☐ LCN Level of community notification
☐ MAW Material witness
☐ MEL Mechanics lien
☐ OSW Out of state witness
☐ PCR Post conviction relief
☐ PFC Petition for constable
☐ PFI Petition for immunity

☐ PFR Petition for review
☐ PFS Perform surgery
☐ PIN Pet for inventory (wire tap)
☐ PTD Pet to take deposition
☐ PTE Petition to expunge
☐ R5A Rule 5A petition
☐ REC Receivership
☐ RTA Arbitration referral
☐ SVP Sexually violent predator petition
☐ TCL Title clearing (tax title)
☐ TLF Foreclosure / tax lien
☐ VAR Arbitration / vacate

### PROBATE APPEALS

☐ WIL Will ☐ TRS Trust ☐ GRD Guardianship ☐ NAC Name change
☐ Other than above (specify type)

Is this a case that may require a trial for resolution? ☑ Yes ☐ No If yes ☐ Jury or ☐ Non-jury

Attorney name and Registration # [signature] 4517 ____________ (Date)

Pro se/Name ____________

SC-223 (Rev 11/00)

SUPERIOR COURT
FILED
HENRY S. KINCH JR., CLERK
2006 FEB 10 P 3:45

True Copy Attest
[signature]
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island