UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOSEPH BAGINSKI, LLC and
JOSEPH BAGINSKI

VS. C.A. NO. 06-114ML

TOWN OF JOHNSTON *{R.I. Superior Court C.A. No. PC06-0855}*

**MOTION TO REMAND**

Now comes the Plaintiffs in the above-captioned matter, Joseph Baginski, LLC and Joseph Baginski and hereby moves this Honorable Court to remand this case back to the Providence County Superior Court. In support of their motion, is a memorandum of law in support thereof.

Wherefore, the Plaintiffs pray that their motion to remand be granted as well as any other relief mete and just under the circumstances.

PLAINTIFFS,
JOSEPH BAGINSKI, LLC AND
JOSEPH BAGINSKI
By their attorney

Peter J. Poulos #4517
1225 Cranston Street
Cranston, RI 02920
(401) 946-7022

**CERTIFICATION**

I hereby certify that I mailed a true copy of the within Motion by first class mail, postage prepaid to Marc DeSisto, Esquire, 211 Angell Street, P.O. Box 2563, Providence, RI 02906-2563 on this 24th day of March, 2006.

Motion-J. Baginski-032

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOSEPH BAGINSKI, LLC and
JOSEPH BAGINSKI

VS. C.A. NO. 06-114ML

TOWN OF JOHNSTON *{R.I. Superior Court C.A. No. PC06-0855}*

PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO REMAND

FACTS

This matter concerns the Plaintiffs' ownership of a plot of undeveloped land in the Town of Johnston, Rhode Island. The lot is located on Leading Street in the Town and is designated as Plat 15, Lot 22. It contains 3600 square feet of area and is located in the R 15 zone.

Plaintiffs had purchased the lot from Thomas Menna, Jr. on July 16, 2003. Prior to the sale, Mr. Menna had applied for zoning variances in order to construct a single family home on the lot measuring twenty-two feet (22') by thirty-eight feet (38'). Mr. Menna and the Town ultimately entered into a Consent Agreement whereby Mr. Menna was permitted to construct the home. On July 8, 2003, the Town issued Mr. Meena a building permit authorizing construction.

Following these events, the Plaintiffs purchased the property from Mr. Menna. Shortly thereafter Plaintiffs began excavation on the property. However, before work on the home could be commenced, a cease and desist order was sought and obtained by neighboring abutters in the Province County Superior Court. The abutters were allowed to intervene in the Superior Court case, because of the Town's inabililty to produce proof of notice of the original zoning application. The Superior Court enjoined construction of

a new home on the property and vacated the prior decision of the Zoning Board of March 4, 2003 concerning the Consent Order. The case was also remanded by the Superior Court to the Zoning Board of Review on October 21, 2003, to allow the abutters an opportunity to be heard.

A hearing was held before the Zoning Board of Review on November 20, 2003, and the Board voted to deny the application for dimensional variances.

Plaintiffs have commenced an action in Providence Superior Court, alleging breach of contract, detrimental reliance, a violation of the Fifth Amendment of the United States Constitution and a violation of Rhode Island Constitution Article I Section 16.

Defendant Town of Johnston has filed a Petition to Remove this case to the United States District Court for the District of Providence.

## ARGUMENT

Under 28 U.S.C. Section 1331:

> The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

Under 28 U.S.C. Section 1441:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

> (c) Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.
> (d) Any civil action brought in a State court against a foreign state as defined in section 1603 (a) of this title may be removed by the foreign state to the district court of the United States for the district and division embracing the place where such action is pending. Upon removal the action shall be tried by the court without jury. Where removal is based upon this subsection, the time limitations of section 1446 (b) of this chapter may be enlarged at any time for cause shown.

The Plaintiffs action primarily sounds in contract. Plaintiff has alleged the Town breached its contract, by rescinding both the Consent Agreement and Building Permit. Also, Plaintiffs' claim detrimental reliance, as they relied upon the Consent Agreement and the issuance of the Building Permit in purchasing the lot from the previous owner, Thomas Menna, Jr. As such, the Plaintiffs would submit that the proper forum for resolving this case is in the Providence County Superior Court as the primary issues in this case concern breach of contract claims.

CONCLUSION

For the reasons cited above, the Plaintiffs request this Honorable Court to remand this case back to the Providence County Superior Court and grant him any additional relief mete and just under the circumstances of this case.

PLAINTIFFS,
JOSEPH BAGINSKI, LLC AND
JOSEPH BAGINSKI
By their attorney

Peter J. Poulos #4517
1225 Cranston Street

Cranston, RI 02920
(401) 946-7022

**CERTIFICATION**

I hereby certify that I mailed a true copy of the within Memorandum by first class mail, postage prepaid to Marc DeSisto, Esquire, 211 Angell Street, P.O. Box 2563, Providence, RI 02906-2563 on this 24th day of March, 2006.

______________________________