UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JOSEPH BAGINSKI, LLC, and<br>JOSEPH BAGINSKI,<br><br>*Plaintiffs,*<br><br>vs.<br><br>TOWN OF JOHNSTON,<br><br>*Defendant.* | C.A. No. 06-114ML |

**DEFENDANT, TOWN OF JOHNSTON'S OBJECTION TO THE PLAINTIFFS' MOTION TO REMAND**

Now comes the Defendant, Town of Johnston, and objects to the Plaintiff's Motion to Remand this matter back to the Providence County Superior Court. Defendant relies on its memorandum of law attached and incorporated herein.

Defendant,
By its attorney,

Marc DeSisto, Esq. (#2757)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
(401) 272-4442
(401) 272-9937 fax
marc@desistolaw.com

CERTIFICATION OF SERVICE

I hereby certify that a true copy of the within was mailed, postage prepaid, on this 29th day of March 2006, to:

Peter J. Poulos, Esq. (#4517)
1225 Cranston Street
Cranston, RI 02903
(401) 946-7022

Laura Serge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JOSEPH BAGINSKI, LLC, and<br>JOSEPH BAGINSKI,<br>*Plaintiffs,*<br>vs.<br>TOWN OF JOHNSTON,<br>*Defendant.* | C.A. No. 06-114ML |

**DEFENDANT, TOWN OF JOHNSTON'S MEMORANDUM OF LAW IN SUPPORT OF ITS OBJECTION TO THE PLAINTIFFS' MOTION TO REMAND**

## I. INTRODUCTION

On March 10, 2006, defendant removed the above titled matter from the Providence County Superior Court to this Court. The removal was based upon this Court's original jurisdiction pursuant to 42 U.S.C. §1331 over plaintiffs' claims for their alleged violation of constitutional rights. On or about March 24, 2006, plaintiffs' filed the instant motion to remand.

Defendant objects to the plaintiffs' motion to remand and submits that this matter was properly removed based on this Court's original jurisdiction. In light of the fact that the scope of the issues, damages and evidence in support of the claim are all essentially the same, plaintiffs' State law claims do not predominate the instant cause of action. *McNerny vs. Neb. Pub. Power Dist., 309 F. Supp. 1109, 1118 (D.Meb., 2004).*

## II. ARGUMENT

The instant action arises from the plaintiffs' claim that they suffered damages amounting to a taking of their property when they prematurely relied on a building permit issued by the Town. Plaintiffs' claim that they suffered damages in the form of various expenses in reliance

on the issued permit only to have the Zoning Board of Review subsequently vote to deny their application for dimensional variances. As a result of the defendant's actions in issuing a building permit and subsequently denying an application for dimensional variances, plaintiff seeks to recover damages based on the following theories of recovery:

**Count I-**Breach of Contract based on a consent agreement by which the plaintiffs and defendant agreed to vacate the denial of the plaintiffs' application for variances and then allegedly grant said variances. The plaintiffs also contend that the building permit by the Town of Johnston was a binding contract upon the parties.

**Count II-**The plaintiffs claim detrimental reliance upon the consent agreement and issuance of the building permit.

**Count III-**Plaintiffs claim that denial of their variance application amounted to a taking of their property without just compensation in violation of the Fifth Amendment to the United States Constitution.

**Count III-**(misnumbered) Plaintiffs claim a violation of Rhode Island Constitution, Article 1, Section 16 for taking property without just compensation.

In the first instance, there can be no dispute that this Court has original jurisdiction over Count III, plaintiffs' Fifth Amendment, taking claim. Thus, pursuant to 28 U.S.C. § 1441(a), defendants are entitled to remove this action to the Federal Court. As recently reiterated by this Court, "[i]n short, this Court is without discretion with regard to the removal of claims from the state courts, where this Court would have had original jurisdiction over the claims had plaintiff brought suit here initially. The choice of forum under these circumstances belongs to the defendant, not to the plaintiff or the Court." *Horton v. Portsmouth Police Dep't, 2005 U.S. Dist. LEXIS 29041 (D.R.I. 2005) quoting Shepard v. Egan, 767 F.Supp. 1158, 1161 (D. Mass. 1990).*

As provided in 28 U.S.C. §1367(a), "[i]n any civil action of which the District Court has original jurisdiction, the District Court shall have supplemental jurisdiction over all of the claims that are solely related to claims in the action within such original jurisdiction that they form part of the same case or controversy." *28 U.S.C. §1867(a).* This section operates to confer supplemental jurisdiction to hear "State-law claims that arise from the same nucleus of operative facts." *Wroche vs. John Hancock Mutual Life Insurance Company, 81 F.3d 249, 256 (1[st] Cir. 1996).* In the instant case, plaintiffs' Fifth Amendment claim is based on the allegation that the denial of the dimensional variance and withdrawal of the building permit amounted to the denial of all beneficial use of plaintiffs' property and thus amounts to a taking of plaintiffs' property. Likewise, all of the plaintiffs' State law claims stem from the same allegation that they have been damaged in some fashion by the denial of the dimensional variances and revocation of the building permit (i.e. relied to their detriment on the issuance of the building permit). Quite simply, all of plaintiffs' claims, state law and constitutional, all "arise from the same nucleus of operative facts." *Wroche, 81 F.3d at 256.* Thus, this Court has supplemental jurisdiction over these State law claims. *Murphy vs. Board of Education, 455 F. Supp. 390 (ED 1978) affd without op., 594 F.2d 869 (8[th] Cir. 1979) (if adjudication of claims ends upon application of either constitutional laws of United States, the entire case is removable under 28 U.S.C. §1441).*

In seeking to remand this matter, plaintiffs bear the burden of demonstrating an exception to the defendant's right to removal. *Breuer v. MJim's Concrete of Brevard, Inc., 538 U.S. 691, 698 (2003)([W]henever the subject matter of an action qualifies it for removal, the burden is on a plaintiff to find an express exception").* In this case, plaintiffs claim that remand is appropriate because the State law claims predominate in the instant action. In order to find predominance such to warrant remand, the Court must find that "a State claim constitutes the real body of the

case, to which the Federal claim is only an appendage." *De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 309 (3rd Cir. 2003) quoting Gibbs, 383 U.S. at 727.*

However, when "the scope of each is presented, the damages alleged, and the evidence required to prove the State and Federal claims are substantially the same...[s]uch circumstances do not support an argument that the Federal claim is dominated by or a mere appendage to the alleged State claims." *McNerny v. Neb. Pub. Power Dist., 309 F. Supp. 1109, 1118 (D.Meb., 2004); McLaurin v. Prader, 30 F.3d 982, 985 (8th Cir. 1994) (Where factual basis for inmates §1983 claim and State tort claims were closely related, Court could not refuse to exercise supplemental jurisdiction and substantial interest would be served by having the District Court rule on the State-law claims); Karstens v. International Game Co., Inc., 939 F. Supp. 1430, 1441 (E. Neb. 1996) (State infliction of emotional distress claims do not substantially predominate over Title VRI discrimination claim based on the same facts and, even if the Court had discretion to refuse jurisdiction, supplemental jurisdiction was warranted where separate trials would be duplicative).* Defendants submit that the evidence required to prove each of plaintiffs' claims is substantially the same and the constitutional claim is not a mere "appendage" to plaintiffs' state law claims. Accordingly, there is no basis to justify the remand of the instant matter to the state court. *See also Horton, 2005 U.S. Dist. LEXIS 29041 ("The state and federal claims are sufficiently interrelated, and the court, in its discretion, will not decline to exercise its supplemental jurisdiction on the basis of substantial predomination") citing Karstens v. International Gamco, 939 F.Supp. 1430, 1441 (D. Neb. 1996) ("Even assuming the state claim did substantially predominate, subsection (c) leaves the decision whether to exercise supplemental jurisdiction within the Court's discretion. Using that discretion, the Court will exercise supplemental jurisdiction in this case. The state and federal claims are sufficiently interrelated, and [the plaintiff] should not be forced to sue in two different courts.").*

## III. CONCLUSION

For the reasons stated, plaintiffs' motion to remand should be denied.

Defendant,
By its attorney,

Marc DeSisto, Esq. (#2757)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
(401) 272-4442
(401) 272-9937 fax
marc@desistolaw.com

CERTIFICATION OF SERVICE

I hereby certify that a true copy of the within was mailed, postage prepaid, on this 29th day of March 2006, to:

Peter J. Poulos, Esq. (#4517)
1225 Cranston Street
Cranston, RI 02903
(401) 946-7022